IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-15-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| RAYNE ALLEN WOLERY, | |
| Defendant. | |

Defendant Rayne Allen Wolery ("Wolery") moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. (Doc. 72). He is currently serving a 180-month sentence for attempted sexual exploitation of children. *See* Judgment (Doc. 41). His projected release date is April 28, 2022. *See* Inmate Locator, www.bop.gov/ inmateloc (accessed Nov. 2, 2021).

Wolery has been living in Alpha House, a residential re-entry facility in Billings, Montana, since May 2021. (Doc. 86 at 3). Wolery became eligible for home confinement on October 28, 2021. *See* (Doc. 77-1).

After considering the factors of 18 U.S.C. § 3553(a), the Court may reduce Wolery's sentence if "extraordinary and compelling reasons warrant such a

1

reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A) & (i); *see also* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A).  The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The guideline contemplates that a defendant's medical condition might constitute an "extraordinary and compelling reason."  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The defendant must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition."  18 U.S.C. § 3142(g)(1), (3)(A).

Wolery is now 42 years old. *See* Inmate Locator, www.bop.gov/ inmateloc (accessed Oct. 18, 2021). He suffers from severe obesity. (Doc. 85 at 1). The Centers for Disease Control and Prevention ("CDC") have determined that people suffering from severe obesity are at greater risk of developing severe illness as a result of contracting the coronavirus.  *See People with Certain Medical Conditions*,

2

Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-with-medical-conditions.html (last updated

Aug. 20, 2021). Wolery asserts that his risk of contracting COVID-19 will be

mitigated if he is released to home confinement on his parent's farm in Inverness,

Montana. (Doc. 85 at 2).

### B.  Section 3553(a) Factors

The Government has raised concerns that Wolery's current release plan fails

to consider the logistics of obtaining treatment for Wolery as a sex offender. (Doc.

86 at 6). Wolery's parents' home is located in a remote area that presents

difficulties with supervision and finding a treatment provider. *Id.*

Wolery's sentence concludes less than six months from now. *See* Inmate

Locator, www.bop.gov/ inmateloc (accessed Oct. 18, 2021). Wolery has already

been placed in a residential re-entry facility that shields him from the unique risk

conditions posed by prison life. *See, e.g.*, *United States v. Rodriguez*, 476 F. Supp.

3d 1071, 1076 (S.D. Cal. 2020) (finding prison conditions to be "incompatible"

with COVID-19 prevention tactics); *United States v. Olawoye*, 477 F. Supp. 3d

1159, 1164 (D. Or. 2020) ("Prisoners are particularly vulnerable to infection due to

the nature of their incarceration."). Wolery's current environment seems best

suited to balance the Government's interest in supervision with Wolery's health

concerns. *See* 18 U.S.C. §§ 3553(a)(2)(C), (D).

### C.  Conclusion

Considering all the relevant circumstances, Wolery does not make a strong showing of an extraordinary and compelling circumstance. Reducing his sentence to time served is not appropriate.

Accordingly, **IT IS ORDERED** Wolery's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 72 and 85) are **DENIED**.

DATED this 2nd day of November, 2021.

_____
Brian Morris, Chief District Judge
United States District Court

4