IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 09-15-H-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RAYNE WOLERY, | |
| Defendant. | |

## I.    Synopsis

Defendant Rayne Wolery (Wolery) has been accused of violating conditions of his supervised release. (Doc. 90). Wolery admitted the alleged violations. Wolery's supervised release should be revoked. Wolery should be sentenced to custody for 8 months, with 112 months of supervised release to follow.

**Status**

On December 10, 2009, Wolery pleaded guilty to the offense of Attempted Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) as charged in

Count 1 of the Indictment. (Doc. 22). The Court sentenced Wolery to 180 months of custody, followed by 10 years of supervised release. (Doc. 41). Wolery's current term of supervised release began on April 28, 2022.

**Petition**

On November 16, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Wolery's supervised release. (Doc. 90). The Petition alleged Wolery violated conditions of his supervised release by: (1) being in possession of an unauthorized smartphone capable of taking photographs on November 25, 2025; (2) purchasing and viewing materials on OnlyFans, an adult website that depicts pornographic material; (3) being in possession of an unauthorized smartphone, which had access to the internet and was unmonitored, between approximately November 2024 through November 2025; (4) refusing to allow his probation officer access to search his unauthorized smartphone on November 25, 2025; (5) possessing more than one internet capable device by being in possession of a computer without the permission of his probation officer on November 25, 2025; (6) using a virtual private network while accessing the internet and using Cash App on November 25, 2025; (7) failing to answer truthfully questions by his probation officer by denying having access to unauthorized internet capable devices between November of 2024 and November of 2025; and (8) being terminated from sex offender treatment on November 26, 2025.

**Initial Appearance**

Wolery appeared before the Court on December 2, 2025.  Wolery was represented by counsel.  Wolery stated that he had read the Petition and that he understood the allegations against him.  Wolery waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 2, 2025.  Wolery admitted that he had violated the conditions of supervised release as set forth as allegations 1-8 in the Petition. Wolery's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Wolery appeared before the Court on December 2, 2025. Wolery's violations are Grade C.  His criminal history category is II.  Wolery's underlying offense is a Class B felony.  Wolery could be incarcerated for up to 36 months.  Wolery could be ordered to remain on supervised release for 120 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Wolery's supervised release should be revoked.  Wolery should be sentenced to custody for 8 months, with 112 months of supervised release to follow.

### IV.    Conclusion

The Court informed Wolery that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Wolery of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Wolery that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That RAYNE WOLERY has violated the conditions of his supervised release by: (1) being in possession of an unauthorized smartphone capable of taking photographs on November 25, 2025; (2) purchasing and viewing materials on OnlyFans, an adult website that depicts pornographic material; (3) being in possession of an unauthorized smartphone, which had access to the internet and was unmonitored, between approximately November 2024 through November 2025; (4) refusing to allow his probation officer access to search his unauthorized smartphone on November 25, 2025; (5) possessing more than one internet capable device by being in possession of a computer without the permission of his probation officer on November 25, 2025; (6) using a virtual private network while accessing the internet and using Cash App on November 25, 2025; (7) failing to answer truthfully questions by his probation officer by denying having access to unauthorized internet capable devices between November of 2024 and November of

2025; and (8) being terminated from sex offender treatment on November 26, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Wolery's supervised release and sentence Wolery to custody for 8 months, with 112 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of December 2025.

John Johnston
United States Magistrate Judge